IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

OCT - 8 2013

J. T. NOBLIN, CLERK
BY_____ DEPUTY

DENISE LORTHRIDGE,

      Plaintiff,

v.

      Case Number 3:13cv630 TSL-JmR

BAPTIST MEDICAL CENTER

      Defendant.

## COMPLAINT & DEMAND FOR JURY TRIAL

    1.    COMES NOW the Plaintiff, DENISE LORTHRIDGE ("Lorthridge"), by and through the undersigned counsel, and files this Complaint against Defendant, BAPTIST MEDICAL CENTER ("Baptist") and states as follows:

### INTRODUCTION

    2.    This is a disability/perceived disability discrimination, failure to accommodate, and retaliation case brought by Ms. Denise Lorthridge, a loyal employee of Baptist, whose career with the company spanned over twenty years, and who: (1) was unlawfully terminated from her position as a nurse in December 2012 in retaliation for filing a complaint of discrimination with the EEOC, after filing an EEOC Charge when Baptist placed her on "forced leave" because of her disability/perceived disability (i.e. spinal injury resulting in a lifting restriction) following a doctor's issuance of a return-to-work slip identifying the lifting restriction; and (2) was denied reinstatement and/or a reasonable accommodation despite: (a) applying for a vacant position as an admissions

nurse, a position which she had previously held, and which would have required no lifting, for which she was not even interviewed; (b) requesting the reasonable accommodation of being assigned the position of "charge nurse" on her shifts, a position which also would have required no lifting and for which she was qualified; (c) applying prior to termination (on September 17, 2012) for vacant positions as staff nurse in the Hospitalists program, and also as a unit educator in the Progressive Care Unit, positions for which she was qualified, and which also would have required no lifting, for which she was not even interviewed; (d) applying prior to termination (on October 5, 2012) for two vacant case management positions, which also would not have required any lifting, for which she was qualified, and for which she also was not even interviewed; (e) her history of exemplary performance with the company; and (f) her readiness and ability to continue working. Lorthridge sues for disability/perceived disability discrimination and retaliation pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, as amended by the ADA Amendments Act of 2008 ("ADAAA"), and seeks damages, including back pay, liquidated damages, compensatory and punitive damages, front pay or reinstatement, declaratory and injunctive relief, as well as her attorneys' fees and costs.

**JURISDICTION**

3.      This is an action arising under the Americans with Disabilities Act, 42 U.S.C. § 12101, as amended by the ADA Amendments Act of 2008 ("ADAAA").

4.      The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331 as these claims arise under 42 U.S.C. § 12101, *et seq*.

**VENUE**

5.      Venue is proper in the United States District Court for the Southern District

of Mississippi pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred within this District and the Defendant maintains headquarters in Jackson, Mississippi.

## PARTIES

6.      Plaintiff, Denise Lorthridge, is a 46-year old female who, at all times material, suffered from a severe neck injury of the cervical spine requiring cervical fusion, which left her with a permanent lifting restriction, and substantially impaired her ability to lift, sleep, and turn, and turn her head.

7.      At all times material, Lorthridge was an "employee" of Baptist as defined by 42 U.S.C. § 1211(4) and a "qualified individual" as defined by 42 U.S.C. § 1211(8).

8.      Lorthridge is protected by the ADAAA because she suffers from a severe neck injury that required surgery and left her in chronic pain with a permanent lifting restriction, and substantial impairment of her ability to lift, sleep, turn, and turn her head and, therefore, either:

        a.      Was suffering "a physical or mental impairment that substantially limits one or more [of his] major life activities," as envisioned by 42 U.S.C. § 12102 (1)(A);

        b.      Had "a record of such an impairment" because of her required medical leave, as envisioned by 42 U.S.C. § 12101(1)(B); or

        c.      Was "regarded as having such an impairment," as envisioned by 42 U.S.C. § 12101(1)(C).

9.      Defendant, Baptist, is a for-profit hospital, employing more than 15 individuals.

10.     At all times material, Baptist was an "employer" as defined by 42 U.S.C. §

3

12111(5)(a) as well as a "covered entity" as defined by 42 U.S.C. § 12111(2).

## SATISFACTION OF CONDITIONS PRECEDENT

11.     On or about September 17, 2012, Lorthridge timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination and failure to accommodate in violation of the American with Disabilities Act (ADAAA) after being placed on forced leave due to her disability/perceived disability, and after Defendant's refusal to consider Plaintiff for available positions for which she applied and which she was ready, willing, and able to fill.   A copy of this Charge, No. 423-2012-02110, is attached hereto as Exhibit A.

12.     Shortly thereafter, on December 3, 2012, in retaliation for filing Charge 423-2012-02110, Defendant terminated Plaintiff's employment.

13.     As a result, on December 11, 2012, Lorthridge timely filed a second Charge of Discrimination, alleging retaliation in violation of the ADAAA based on her untimely termination.   A copy of this Charge, No. 423-2013-0442, is attached hereto as Exhibit B.

14.     The EEOC, on or about July 31, 2013, issued to Lorthridge a Dismissal and Notice of Rights as to the Charge attached as Exhibit C.   In addition, more than 180 days has passed from the filing of the initial Charge, without the EEOC having issued any determination as to same.

15.     This action is being commenced within 90 days of Lorthridge's receipt of the Dismissal and Notice of Rights.

## APPLICABLE LAW

16.     The ADAAA provides, in pertinent part, as follows:

(a) General Rule. No covered entity shall discriminate against a qualified individual

4

on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

(b) Construction. A used in subsection (a) of this section, the term "discriminate against a qualified individual on the basis of disability" includes –

(5) (A) not making reasonable accommodations to the known physical or mental of an otherwise qualified individuals with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity; or

(B) denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant; . . .

42 U.S.C. § 12112(a)-(b).

## GENERAL ALLEGATIONS

17.     On or around June 1991, Lorthridge began her employment with Baptist as a Staff Nurse.

18.     At the time of her termination, Lorthridge was employed by Baptist as a Registered Nurse.

19.     Prior to her termination, Lorthridge had worked as a Nurse, at various times in the positions of Charge Nurse, Admissions Nurse, and Staff Nurse, for 21 years.

20.     In January 2011, Lorthridge was injured on the job, resulting in a spinal injury for which she required ongoing care and surgery.

21.     Specifically, in April 2011, Lorthridge had cervical fusion of the C-5 and C-6 plates in her neck.  The injury left Lorthridge with bouts of pain and numbness, and substantially interfered with her ability to lift, to sleep, to turn, and to turn her head.

22.     However, she did return to work in July 2011.

23.     In September 2011, suffering from recurrent arm and neck pain, Ms. Lorthridge returned to her doctor, who placed her on light duty for a period of 12 weeks, and issued a lifting restriction of 20 lbs.

24.     Lorthridge completed this 12 weeks through the Company's Return to Work program, wherein she was placed in a different job, specifically, as an admissions nurse, in order to accommodate her restriction.

25.     As an admissions nurse, Plaintiff was not required to lift any weight above 20 lbs.

26.     In January, Lorthridge returned to regular duty, but still suffered from pain.

27.     In April 2012, Lorthridge had unrelated surgery, which took her out of work for twelve weeks.

28.     Lorthridge returned to work from that surgery on July 24, 2012.

29.     Although Lorthridge suffered from continuing arm and neck pain that substantially impaired her ability to sleep, lift, turn, and turn her neck, she continued to perform her job as a nurse without any lapse in performance. She had no formal lifting restriction at that time. When she needed assistance with lifting, others on duty would assist her, or, alternatively, she would be assigned to the position of Charge Nurse on the shift, a position which did not require any lifting.

30.     Recognizing the need for a more permanent accommodation, on August 21, 2012, Lorthridge applied for the open position of Admissions Nurse, a position which she had held previously.

31.     In response to her application, on the same day, Jodi Creed, Nurse-Recruiter,

6

emailed Lorthridge regarding setting up a time for an interview.

32.     Lorthridge responded on August 22, 2012, thanking Ms. Creed. Further, she called Ms. Creed to set up the interview, and was told that she [Lorthridge] would hear back with a time for an interview.

33.     On August 23, 2012, Lorthridge saw her treating physician to address the substantially limiting pain from which she suffered.

34.     Prior to August 25, 2012, Lorthridge's treating physician faxed to Baptist a return-to-work form noting a lifting restriction for Lorthridge.

35.     On August 25 and August 26, despite Lorthridge having performed her job without incident for over a month since her return, Lorthridge was informed by the Nurse Manager, Patsy Adams, that she was not permitted to work based on the note from her doctor.

36.     On August 27, 2012, Lorthridge received a call from Human Resources in which she was told that she was not permitted to come back to work because Baptist could not accommodate her lifting restriction, and that she would instead be placed on an indefinite, forced, and unpaid, leave.

37.     On August 30, 2012, Lorthridge appealed to Baptist's President and CEO, Mark F. Slyter, requesting an accommodation for her disability.

38.     Rather than engaging in any dialogue regarding an accommodation, and despite Lorthridge's pending application for an open position which would have required no lifting and thus would have accommodated her disability, Mr. Slyter instead responded on August 31, 2012, stating that "we can not make an exception in your case" because we "must apply our policies to all employees consistently."

39.     Baptist has a policy that once an employee exhausts twelve weeks of leave and twelve weeks in the back-to-work program, regardless of his/her disability or whether there might be a reasonable accommodation, the employee must be terminated. No exceptions can be made for a reasonable accommodation for a disability.

40.     It was this policy to which Mr. Slyter referred in his August 31, 2012, email to Lorthridge.

41.     Thereafter, Lorthridge heard that the Admissions Nurse position for which she had applied had been filled, without Baptist ever even having interviewed Lorthridge.

42.     Lorthridge emailed Ms. Creed on September 20, 2012, stating: "Confused. Last I heard I was supposed to be waiting on an interview. What happened? Remember you told me they pulled the application down to revise it. Now they have hired to that position..?????? Denise Lorthridge RN With 21 yrs experience."

43.     On September 24, 2012, Ms. Creed responded simply, "I am unsure. The only information I have is that she has filled the position. Thanks!"

44.     Upon information and belief, the person hired to fill the Admissions position for which Lorthridge applied was neither disabled nor perceived as disabled, and had never worked at Baptist before being hired to that Admissions position.

45.     Further, on September 17, 2012, Lorthridge applied for vacant positions as staff nurse in Defendant's Hospitalists program, and also as a unit educator in the Progressive Care Unit, positions for which she was qualified, and which also would have required no lifting.

46.     Lorthridge was not even interviewed for the Hospitalists staff nurse position, and/or the unit educator position.

47.     In addition, on October 5, 2012, Lorthridge applied for two vacant case management positions, which also would not have required any lifting, for which she was qualified, and for which she also was not even interviewed.

48.     In the interim, on September 17, 2012, Lorthridge filed a Charge of Discrimination with the EEOC based on Baptist's failure to accommodate her disability/perceived disability and its use of forced leave in response to her doctor's note informing Baptist of her restriction and in response to her request for an accommodation.

49.     By letter dated December 3, 2012, Baptist informed Lorthridge that, pursuant to Baptist's policy pursuant to which any employee who exhausts six months of leave is automatically terminated, her leave expired as of November 30, 2012, and as such Baptist "**must** remove you from active payroll, as stated by the policies of MBHS." (emphasis added)

50.     The letter purported to invite Lorthridge to "reapply for employment once…able." This trite invitation overlooks the fact that Lorthridge already had applied for suitable employment with Baptist in multiple vacant positions which would have accommodated her disability/perceived disability, but was not even interviewed for any of the positions despite her seniority, the fact she had filled at least one of those position before, her qualifications for each position, and her exemplary employment record with Baptist.

51.     Thereafter, on December 11, 2012, Lorthridge filed an EEOC charge regarding her discriminatory and retaliatory termination.

52.     Baptist violated Lorthridge's statutory rights to be free of disability discrimination and retaliation in the workplace by:  (1) unlawfully placing Lorthridge on

involuntary leave, rather than accommodating her disability/perceived disability by allowing her to work the in open Admissions position; (2) terminating Lorthridge either in retaliation for filing an EEOC charge, or in the alternative, pursuant to a leave policy that is unlawful on its face; and/or (3) by failing to provide Lorthridge with, or even engage in any meaningful dialogue regarding, a reasonable accommodation despite: (a) Lorthridge's having applied for an open Admissions position that would have accommodated her disability/perceived disability **before** ever being placed on forced leave; (b) Lorthridge's repeated requests, after being placed on forced leave, that she be permitted to return to work (in any one of the five positions for which she was qualified, and for which she applied prior to termination).

## COUNT I
## DISABILITY/PERCEIVED DISABILITY DISCRIMINATION

53.     Lorthridge realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-52 above.

54.     Lorthridge's spinal injury and resulting lifting restriction were a motivating cause of Baptist's discriminatory behavior towards Lorthridge, and thus, constituted disability and/or perceived disability discrimination as proscribed by the ADAAA.

55.     Baptist's conduct, including but not limited to its refusal even to interview Lorthridge for any of the open positions for which she had applied and was qualified or to engage in any dialogue regarding making a reasonable accommodation, discriminated against Lorthridge with respect to the compensation, terms, conditions, or privileges of employment because of Lorthridge's disability and/or perceived disability.

56.     As a natural, proximate and foreseeable result of the actions of Baptist,

Lorthridge has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

57.     The conduct of Baptist's management was in such reckless disregard of Lorthridge's federal statutory rights against disability discrimination as to entitled Lorthridge to recover an award of punitive damages to punish Baptist and to deter it and others from such conduct in the future.

58.     The disability discrimination Lorthridge suffered, in violation of her federal statutory right to be free from such discrimination, constitutes irreparable harm for which there is no adequate remedy at law.

59.     Lorthridge is entitled to recover reasonable attorneys' fees and litigation expenses against Baptist.

WHEREFORE, Plaintiff, Denise Lorthridge, respectfully requests that the Court enter a judgment:

a.     Permanently enjoining Defendant Baptist, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to Lorthridge;

b.     Awarding judgment against Baptist for the back pay and benefits to which Lorthridge would have been entitled but for Baptist's discriminatory acts;

c.     Awarding judgment against Baptist for compensatory damages;

d.     Awarding judgment against Baptist for punitive damages;

e.     Enjoining Baptist to reinstate Lorthridge to a job comparable to the one from which she was terminated, or, if that is not feasible as a make-whole remedy, granting her front pay;

f.      Awarding Lorthridge her costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

g.      Awarding Lorthridge equitable relief in the form of an additional set-off for any negative tax consequences incurred by Lorthridge as the result of any damage award entered in her favor in this action; and

h.      Granting such other and further relief as the Court deems just.

## COUNT I
## RETALIATION IN VIOLATION OF THE ADAAA

60.      Lorthridge realleges and adopts, as if fully set forth herein, the allegations in paragraphs 1-49 above.

61.      Lorthridge requested a reasonable accommodation for her disability/perceived disability on August 21, 2012. This constituted protected activity under the ADAAA.

62.      Lorthridge was placed on forced leave less than one week after requesting the above accommodation.

63.      Lorthridge filed a Charge with the EEOC on September 17, 2012. This also constituted protected activity under the ADAAA.

64.      Lorthridge's 20-plus year employment was terminated less than three months after she filed her EEOC Charge, without Lorthridge ever having been interviewed for the open Admissions position for which she applied on August 21, 2012.

65.      Upon information an belief, Baptist's conduct, including but not limited to its refusal even to interview Lorthridge for the open Admissions position for which she had applied or to engage in any dialogue regarding making a reasonable accommodation, and

resulting termination of Lorthridge's employment, was, in whole or in part, motivated by Lorthridge's request for accommodation and/or Lorthridge's filing of a Charge with the EEOC.

66.     As a natural, proximate and foreseeable result of Baptist's actions, Lorthridge has suffered damages, including but not limited to lost wages and benefits, future pecuniary losses, mental anguish, loss of dignity, and other intangible injuries.

67.     The conduct of Baptist's management was in such reckless disregard of Lorthridge's federal statutory rights against retaliation as to entitle Lorthridge to recover an award of punitive damages to punish Baptist and to deter it and others from such conduct in the future.

68.     The retaliation Lorthridge suffered, in violation of her federal statutory right to be free from such retaliation, constitutes irreparable harm for which there is no adequate remedy at law.

69.     Lorthridge is entitled to recover reasonable attorneys' fees and litigation expenses against Baptist.

WHEREFORE, Plaintiff, Denise Lorthridge, respectfully requests that the Court enter a judgment:

a.     Permanently enjoining Defendant Baptist, its officers, agents, servants, employees and all other persons in active concert or participation with it, from violating the provisions of 42 U.S.C. § 12101, as amended, as to Lorthridge;

b.     Awarding judgment against Baptist for the back pay and benefits to which Lorthridge would have been entitled but for Baptist's retaliatory acts;

c.     Awarding judgment against Baptist for compensatory damages;

d.     Awarding judgment against Baptist for punitive damages;

e.     Enjoining Baptist to reinstate Lorthridge to a job comparable to the one from which she was terminated, or, if that is not feasible as a make-whole remedy, granting her front pay;

f.     Awarding Lorthridge her costs, including a reasonable attorneys' fee, pursuant to 42 U.S.C. §§ 2000e-5(k), 12205 and 12117;

g.     Awarding Lorthridge equitable relief in the form of an additional set-off for any negative tax consequences incurred by Lorthridge as the result of any damage award entered in her favor in this action; and

h.     Granting such other and further relief as the Court deems just.

## JURY DEMAND

Plaintiff, Denise Lorthridge, hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

DATED this 27th day of September 2013.

Respectfully Submitted,

/s/ Matthew I. Hetzel
Matthew I. Hetzel
MS Bar No.:  99596
Morgan & Morgan, P.A.
188 East Capitol Street, Suite 777
Jackson, MS 39201
Tel: (601)949-3388
Fax: (601)949-3399
MHetzel@forthepeople.com

*Attorney for Plaintiff*